UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND WALLACE; RITA WALLACE, Claimant at Law,<br><br>Plaintiffs,<br><br>v.<br><br>ROSEMARY LYNCH, et al.,<br><br>Defendants. | No. 2:20-cv-2265 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Cleveland Wallace and Rita Wallace are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 13, 2020, plaintiffs filed a complaint and paid the applicable filing fee. (ECF No. 1.) However, a review of the complaint found that the allegations appeared to be frivolous and delusional. Accordingly, on April 5, 2021, the court issued an order to show cause, ordering plaintiffs to show cause in writing within fourteen days as to why this action should not be dismissed as frivolous.[1] (ECF No. 8.) The time provided plaintiffs has expired and plaintiffs have not responded to April 5, 2021 order.

---

[1] On April 28, 2021, defendants Buckingham Property Management Corporation and Rosemary Lynch filed an ex parte application for an extension of time to respond to the complaint. (ECF No. 11.) In light of these recommendations, the undersigned will recommend that defendants' motion be denied as having been rendered moot.

1

**ANALYSIS**

Where a complaint is "obviously frivolous" the district court may dismiss the complaint, even if the plaintiff has paid the filing fee. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process."); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

Here, a review of plaintiffs' complaint finds that the allegations are fanciful and delusional. In this regard, the complaint alleges that plaintiffs are "Targeted Individuals" that "ran a foul of the Central Intelligence Agency by an involvement in a financial transaction between the CIA and a Chinese politician." (Compl. (ECF No. 1) at 5.) In 2013, the CIA "blocked" plaintiffs "from moving" through the use of "easedroping and use of defamation[.]" (Id. at 7.) And the "CIA perpetrators are employing others to commit atrocities of using viruses to infect [plaintiffs] with disease[.]" (Id. at 11.) Plaintiffs were given an opportunity to show cause for why this action should not be dismissed as frivolous and elected not to respond. (ECF No. 8.)

For the reasons stated above, the undersigned finds that plaintiffs' complaint should be dismissed without prejudice. See Franklin, 745 F.2d at 1227, n.6 ("paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction").

////
////
////
////

# CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 13, 2020 complaint (ECF No. 1) be dismissed without prejudice;

2. Defendants' April 28, 2021 ex parte application (ECF No. 11) be denied as having been rendered moot; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\wallace2265.friv.f&rs